UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01685-SEP |
| ) | |
| CO1, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Joseph Michael Devon Engel's Motion for Leave to Proceed *in forma pauperis,* or without prepayment of the required filings fees and costs, and Motion for Appointment of Counsel. Doc. [2]. For the reasons set forth below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will therefore assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Further, upon review of the Complaint, the Court finds that this lawsuit must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Motion to Appoint Counsel will therefore be dismissed as moot.

**INITIAL PARTIAL FILING FEE**

Plaintiff is a self-represented litigant who is incarcerated at Missouri Eastern Correctional Center (MECC) in Pacific, MO.[1] Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] When this case was filed, Plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He has since been transferred to MECC. In his handwritten Complaint, Plaintiff indicates that he is a "civilly committed detainee." Doc. [1] at 1. However, Plaintiff provided his prison registration number and acknowledged that he was being held at the ERDCC, a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that Plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. The Court has determined that Plaintiff is a convicted and sentenced state prisoner, not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

1

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although Plaintiff did not file a certified account statement in this action, his Motion indicates that he earns $5.00 a month. Doc. [2]. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). Any claim that Plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the Complaint.

### BACKGROUND

The instant Complaint is one of more than 130 putative civil rights lawsuits Plaintiff has recently filed in this Court pursuant to 42 U.S.C. § 1983. Plaintiff submits his pleading in bulk, specifying that each pleading be docketed as an individual civil action. Plaintiff's other pleadings and claims for damages are similar to those in the instant action.

In his dozens of complaints, Plaintiff alleges that his civil rights have been violated by these same Defendants, as well as other state and local entities and officials, often seeking unorthodox and extreme damages. As of December 21, 2021, three of Plaintiff's actions had been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Engel v. Governor of Missouri*, 2020 WL 7353704 (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America*, 2020 WL 7480561 (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts*, 2020 WL 7493195 (E.D. Mo. Dec. 21, 2020). Because this case was filed on November 23, 2020, prior to those decisions, it is not barred by 28 U.S.C. § 1915(g), which prohibits a prisoner who has had three actions dismissed on such grounds from proceeding without prepayment of fees and costs unless he is "under imminent danger of serious injury." The Court therefore reviews the Complaint on its own merits.

## THE COMPLAINT

Plaintiff's handwritten Complaint appears to contain four separate claims, each with its own set of Defendants. The first claim lists the following Defendants: CO1; CO2; Sergeant; Lieutenant; Corporal; Captain; Major; Functional Unit Manager; Correctional Case Manager #1; Correctional Case Manager #2; Superintendent; Assistant Superintendent; Warden; Assistant Warden; Correctional Case Manager #3; ERDCC; Institutional Parole Officer; Institutional Parole Officer Supervisor; Probation and Parole; Probation and Parole Director; Probation and Parole Assistant Director; Missouri Department of Corrections; Director, Missouri Department of Corrections; Assistant Director, Missouri Department of Corrections; Assistant Attorney General; Attorney General; Lieutenant Governor; Governor; House Rep, MO; Senator, MO #1; Senator, MO #2; Corizon Health Care; Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon Superintendent; Corizon Supervisor; Corizon, ERDCC; Dr. Moody, Corizon; Corizon RN; Corizon LPN; Corizon Nurse Practitioner; Corizon Med Tecs; and Corizon Chronic Care. Doc. [1] at 1-2. Defendants are sued in their official capacities only.

Plaintiff's "Statement of Claim" reads: "[Diabetic]/snack bags/meds/blood sugars." *Id.* at 3. Plaintiff references an attached sheet, but there is nothing else in the Complaint regarding diabetic snack bags, medications, or Plaintiff's blood sugars. For relief, Plaintiff seeks thousands of shares of stock in various corporations and commodities, hundreds of millions of dollars for poor towns and counties, Chevy Silverado "lift kits" for himself and others, as well as an "Orange County Chopper," full scholarships, millions of dollars, and additional stocks for named individuals who have no relation to the case. Doc. [1] at 4.

The second claim lists 45 separate Defendants, identified by job title or institution name only: CO1; CO2; Sergeant; Lieutenant; Corporal; Captain; Major; Functional Unit Manager; Correctional Case Manager #1; Correctional Case Manager #2; Assistant Superintendent; Superintendent; Assistant Warden; Warden; Corrections Classification Assistant; ERDCC; Institutional Parole Officer; Institutional Parole Officer Supervisor; Probation & Parole Director; Probation and Parole Assistant Director; Probation and Parole; Missouri Department of Corrections; Director, Missouri Department of Corrections; Assistant Director, Missouri Department of Corrections; Assistant Attorney General; Attorney General; Lieutenant Governor; Governor; House Rep, MO; Senator, MO #1; Senator, MO #2; Corizon Health Care; Corizon Director #1; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon

Superintendent; Corizon Supervisor; Corizon, ERDCC; Corizon Director #2; Corizon Nurse Practitioner; Corizon RN; Corizon LPN; Corizon CNA; Corizon Med Tecs; and Corizon Chronic Care. *Id.* at 5. Plaintiff does not indicate the capacity in which the Defendants are sued. In his "Statement of Claim," Plaintiff alleges that as a result of the COVID-19 outbreak, the ERDCC "had C-wing in 7 HU as a [quarantine] wing with 3 more wings with people that [do not] have it." *Id.* at 5-6. He explains that housing units eight, nine, and ten all had one wing dedicated to quarantine. *Id.* at 6. Plaintiff alleges that the ERDCC should have put "all the [quarantined inmates] in one house together instead of infecting more people," and not doing so was "unhealthy and in human." *Id.* For relief, Plaintiff requests a separate, unexplained amount from each Defendant, spanning from "25 billion" to "3500 trillion." *Id.* at 5. Similar to his first claim, Plaintiff also seeks shares of stock in various corporations and commodities in addition to other relief. *Id.* at 6.

The third claim, which involves Plaintiff's alleged arrest by the City of Hazelwood, lists 13 Defendants: Senator, MO #1; Senator, MO #2; House Rep, MO; Attorney General; Assistant Attorney General; Hazelwood City Council; Hazelwood City Hall; Hazelwood Police Department; Hazelwood Police Chief; St. Louis County Sheriff's Department; St. Louis County; St. Louis County Sheriff; and St. Louis County Commissioner. *Id.* at 7. Plaintiff does not indicate the capacity in which the Defendants are sued. Plaintiff alleges he is a "[sovereign] citizen of [Alaska]" and that "Hazelwood arresting [him] and [harassing him] like they did" violates his rights, particularly his sovereign citizenship rights. *Id.* Among other relief, Plaintiff seeks hundreds of trillions of dollars and hundreds of millions of shares of stock in various corporations and commodities, as well as full scholarships for his children. *Id.*

The final claim is related to the use of "video court." *Id.* at 9. Plaintiff lists 13 Defendants, including Jefferson County Jail Administrator; Jefferson County Sheriff's Department; Jefferson County Sheriff; Jefferson County Undersheriff; Jefferson County District Courts; Missouri District Courts; Assistant Attorney General; Attorney General; Lieutenant Governor; Governor; House Rep, MO; Senator, MO #1; and Senator, MO #2. Doc. [1] at 9. Plaintiff does not indicate the capacity in which the Defendants are sued. Plaintiff asserts that he has a "right to be in a court room in front of a judge," and video court is "not right" and "nowhere near professional." *Id.* He claims that prior to appearing in video court for his sentencing, Plaintiff was not given time to see his attorney. He also states that during the

sentencing, the video was "cutting in and out" and "the judge and other people [were] laughing" as soon as the judge's "gavel [hit] the desk." *Id.* Similar to previous claims, Plaintiff requests a separate, unexplained amount of damages from each Defendant, ranging from "300 Billion" to "5000 trillion." *Id.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if it is malicious. An action is malicious for the purposes of that statute when it is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Cooper v. Wood*, 1997 WL 177458 (8th Cir. 1997) (quoting *Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984)) (unpublished opinion). To determine whether an action is malicious, courts "must 'engage in a subjective inquiry into the litigant's motivations at the time of filing of the lawsuit to determine whether the action is an attempt to vex, injury or harass the defendant.'" *Rosier v. United States*, 736 Fed. App'x 313, 315 (3d Cir. 2018) (quoting *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). When determining whether an action is malicious, a court may consider past litigious conduct. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

Having reviewed the Complaint in the context of Plaintiff's litigation history, the Court concludes that this lawsuit should be dismissed as malicious. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's aggressive campaign of more than 130 spurious lawsuits has made clear that his intent is to harass, rather than to vindicate cognizable rights. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. Mar. 19, 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). His complaints have been characterized by outlandish demands and unsupported allegations, many of them against the same governmental entities or employees of those entities.

This Court has found many of Mr. Engel's lawsuits to be subject to dismissal on grounds of maliciousness. *See, e.g.*, *Engel v. Probation & Parole of Missouri*, 2020 WL 7624831 (E.D. Mo. Dec. 22, 2020); *Engel v. Missouri*, 2021 WL 228935 (E.D. Mo. Jan. 21, 2021); *Engel v. Corizon*, 2021 WL 949636 (E.D. Mo. Mar. 11, 2021); *Engel v. ERDCC*, 2021 WL 1059017 (E.D. Mo. Mar. 18, 2021). Together with Mr. Engel's many other similar actions, this lawsuit is "plainly part of a longstanding pattern of abusive and repetitious litigation." *Horsey*, 741 F.2d at 213.

Also like Mr. Engel's other lawsuits, the instant Complaint suffers from additional defects that could warrant dismissal under § 1915(e)(2)(B)'s other provisions. Because

5

maliciousness is sufficient grounds for dismissal, the Court does not reach those alternative bases for dismissing Plaintiff's claims.

Considering Plaintiff's abusive litigation practices and the character of the instant Complaint, the Court concludes that it would be futile to permit Plaintiff leave to file an amended complaint in this action.

Plaintiff's has moved for the appointment of counsel. Doc. [2]. The Motion will be denied as moot in light of the dismissal of this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. Doc. [2].

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED as moot**. Doc. [2].

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE